## Whitford License

*Vance L. Eckersley* and *Louis G. Feldman,* for appellant.

*Paul Selecky,* for Pennsylvania Liquor Control Board.

HOBAN, P. J., July 30, 1949.—This is an appeal from refusal of the Pennsylvania Liquor Control Board to renew a restaurant liquor license for the year ending July 31, 1950, for premises in the Village of Chinchilla, Township of South Abington, this county. The facts are stipulated by agreement of the Liquor Control Board and appellant, the usual hearing before an examiner was waived and the parties permitted to appeal directly to this court.

In 1947 appellant, Walter Henry Whitford, a young veteran of the military service in the recent war, decided to enter business. In May 1947 he wrote to the Pennsylvania Liquor Control Board at Harrisburg asking for information relative to the quota and present number of beer and liquor licensed establishments in the Boroughs of Chinchilla (sic), Clarks Summit and Dalton, all of which are situated in Lackawanna County. The board received the letter and some office

functionary of the agency noted thereon information as to the quota restrictions in Clarks Summit and Dalton and the number of existing licenses in these boroughs and this additional notation: "Abington Township, quota 1, applicants 0 (None pending)." The director of licensing shortly thereafter wrote to Mr. Whitford giving, inter alia, this information: "Abington Township, quota 1, licenses in effect none. Chinchilla is located in Abington Township." The letter further informed Mr. Whitford that no licenses were available for Clarks Summit within the restricted class, but that there were vacancies in the quota for both Dalton and Abington Township, repeating "in which the Town of Chinchilla is located," and informing Mr. Whitford that new licenses of the restricted type may be filed for in either municipality. The letter enclosed appropriate application form. Mr. Whitford thereafter secured a location in Chinchilla, which is in fact in the Township of South Abington and, relying upon the information given him by the Liquor Control Board, made an application for a license for his location in Chinchilla, but as for Abington Township. The board conducted the usual investigation and, still believing that Chinchilla was in Abington Township, issued the license for the year 1948, expiring on July 31, 1949. In 1949, the board, as required by law, sent to the Treasurer of Abington Township the license fee required to be returned to the municipality. The Treasurer of Abington Township returned the check to the Liquor Control Board with the statement that Abington Township was not entitled to the money, as the licensed premises were not located in that township. The board thereupon reinvestigated but determined that in fact the premises licensed as aforesaid were in the Township of South Abington. In South Abington at the time this license was issued there were already licensed establishments in excess of the number pro-

vided by the Liquor License Quota Law Act of June 24, 1939, P. L. 806, 47 PS §744-1001. When appellant applied for a renewal of his license in the usual manner for the following year, the board refused to issue such renewal. The stipulation concedes that appellant has invested considerable money in equipping and fixing up the licensed premises, and that during the period of the license under which he was operating he has done nothing to jeopardize the license or to violate the laws relating to the control of the sale of liquor and beer.

The sole question presented to us, therefore, is whether the Liquor Control Board may now, by way of renewal, continue a restaurant liquor license in effect which was issued illegally in the first place, although issued in perfectly good faith on the part of both the board and licensee. The board takes the position that the restrictions of the Quota Act of 1939 deprive it of authority to issue this license. With the utmost reluctance we are constrained to agree with the position of the board. It is obvious that now to deprive this licensee by the removal of his license will result to his economic disadvantage because of the position into which he was innocently led on the faith of the information furnished him by the Liquor Control Board itself, but we apprehend that no action of an administrative agency of the Commonwealth may override the law or make that legal which from the beginning was illegal.

Counsel for appellant points out to us certain decisions which have held that the Commonwealth through its officers may be held guilty of laches. See Commonwealth v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, and Commonwealth ex rel. v. Keystone Pipe Line Co., 24 D. & C. 400. In both of these cases it may be pointed out that the errors claimed were enlargements on statutory powers granted to corporations by chief

officers of the Commonwealth, or by a court to quasi-public corporations; that the exercise of these powers was permitted over a long period of time without objection and involved the open and notorious expenditure of vast sums of money invested in the development of these public service corporations. In the Keystone Pipe Line case Judge Hargest in addition found that the powers granted to the company were in fact authorized under the law and to that extent at least it is difficult to say that the question of estoppel by reason of the alleged laches of the Commonwealth was necessarily involved in the decision. But between the challenge to the ultra vires activities of corporations and the violation of the express provisions of a restrictive law, there is a vast difference, and we cannot agree that the cases cited are any authority in the present situation.

The other cases cited by counsel for appellant, Kelly's License, 39 D. & C. 597, involves the issue of a license in violation of restrictions in a deed. The licensee proceeded to improve the property and expend money on the faith of a license. On refusal of the board to renew the license, having discovered the restrictions in the deed, the Court of Quarter Sessions of Philadelphia County ordered the license renewed. But as we read the opinion of Judge Oliver in that case, the court refused to consider the restrictive provisions in an ancient deed as of any present effect, and so authorized the license to issue. There seems to be no question as to the power of the board to issue a license in the face of the express prohibition of the statute.

We regret that our decision must now react to the possible serious economic disadvantage of this appellant, but to hold otherwise would be to say that clerical mistakes in a government agency can nullify a law. There is an ancient maxim that hard cases make bad law, and we can find no justification for uttering bad

law to relieve the hardship in this case. The license was illegally issued in 1948 and the court cannot cure the illegality by directing a renewal now. The appeal must be dismissed.

Now, July 30th, the appeal is dismissed.